Ruffin, C. J.
 

 The bill must be dismissed. Supposing the case made on its face sufficient to sustain it, the reasons given in the answer, why the defendant brought suit on the bond and ought to have judgment on it, must strike any mind as fully sufficient. There is no suggestion, that the defendant is in failing circumstances, whereby the plaintiff will be in danger of losing his legacy, if the money due for his purchases be taken out of his hands. The only foundation for the bill is, that it will be inconvenient to the plaintiff to pay his debt, instead of having it and the legacy extinguished
 
 pro tanto,
 
 by deducting the less from the greater. Certainly, that would be in itself very right. But it seems plainly to be the plaintiff’s fault, that it was not done in taking the account in the other cause, in which the accounts of the whole estate were ordered. At least, it was as much the fault of the plaintiff, as of the defendant. He had therefore no right to complain, that the defendant should endeavor to meet his decree by a judgment in due time. But there was, in truth, no necessity for the present bill ; for, upon a petition in the first cause, the same relief could have been had without this additional expense ; or, in a proper case, even after the judgment and decree, an order might have been obtained in either Court, that the parties should mu
 
 *328
 
 tually acknowledge satisfaction either in whole' or in part, according to the justice of the case. The bill in
 
 itself is,
 
 indeed, radically defective. It simply prays an injunc* tion, upon the ground that the plaintiff does not owe the whole debt by reason of some counter equitable demand. But it does not ask any steps tobe taken for ascertaining that demand. It does not pray for an account: and well it might not, as this plaintiff by himself could not demand it, and a plea of the pendency of the former suit by all’ the legatees for general account would have barred it. Such a bill will not lie ; for the injunction in sueh a case is but incidental to the general relief, which a plaintiff seeks, and to which he entitles himself by the facts stated in the bill. Here an injunction merely is asked for ; and if granted, it would stand without the Court being able to determine how long or for how much it ought to
 
 be
 
 kept up.
 

 The matter will, probably, be adjusted between the parties, as the defendant in his answer professes to have been always willing to allow a deduction of the sum admitted by him to be due to the plaintiff. But, if it should be otherwise, the plaintiff can probably obtain the requisite order in the other cause. At all events, the present bill cannot be maintained, without allowing all controversies to be split up and made the subjects of as many suits in equity, as there are items in dispute, and granting injunctions upon isolated parts of a case without the opportunity of determining the general merits.
 

 Per Curiam.
 

 Bill dismissed with costs.